Learned, P. J.
The defendant, and one Kelly made a written contract, by which Kelly was to build a building for defendant according to specifications therein referred to. It was further agreed therein that defendant might alter the amount or style of the specified work at any time and the value of the extra work should be paid by defendant. .Afterwards plaintiff contracted with Kelly to do the carpenter work, and there were specifications between him and Kelly as to the work he was to do. Subsequently defendant gave plaintiff directions to make changes in the work and additions, which plaintiff made accordingly. The defendant paid Kelly in full, apparently, however, not including this extra work. •
The plaintiff now sues for the extra work thus done. He ■claims that it was done on defendant’s ■ direction ánd that defendant is therefore hable. The learned judge nonsuited the plaintiff on the ground that Kelly agreed to do the whole work for defendant; that in the performance of the carpenter work plaintiff acted as an agent of and for Kelly; that the direction to change the work was a direction to Kelly and not to him, and that plaintiff’s claim was against Kelly only. He refused to allow the question to go to the jury whether defendant did not, from his acts and conversations with plaintiff, create a liability in plaintiff’s, favor.
How plaintiff was not a workman under Kelly or an agent of Kelly, but was an independent contractor; and he says that the work he was to do was specified between him and Kelly, and the price did not include payment for the work now sued for.
There was nothing to prevent defendant from agreeing with plaintiff that certain changes should be made. If *75 defendant had directed plaintiff to make changes and additions and plaintiff had done so, this would not make Kelly hable for the extras, unless in some way he had recognized the acts of these parties. For although by his contract with Kelly, the defendant might change his plans or add to them, yet when the plans were changed or added to, it would be Kelly’s privilege to employ the plaintiff or some other person to make these additions or changes. It does not appear that plaintiff contracted with Kelly to make all the changes and additions which defend ant might wish. He says that the work he was to do was specified in specifications between him and Kelly.
The contract between defendant and Kelly provides that the architect shall determine values of extra work. Plainly that provision is not binding on plaintiff, for he was not a party to the contract.
The controversy is really a question of 0 fact. Did the defendant, or did he not, employ the plaintiff to do this work? The defendant admits that he talked with the plaintiff about this work and saw it (or much of it) done by plaintiff. He might have talked with plaintiff only for the purpose of sending directions through him to Kelly, or he might have employed plaintiff independently. Whatever defendant’s intentions may have been, the plaintiff had a right to rely upon what defendant said to him. If plaintiff had been a mere agent of Kelly, or one of Kelly’s workmen, then what the defendant said might well have been construed as said to Kelly.
But as we have already stated, plaintiff was neither agent •or employee of Kelly. And defendant’s directions to him were therefore not necessarily directions to Kelly.
It is for the jury to say from the testimony as to what took place between plaintiff and defendant what the arrangement was and how defendant’s directions to plaintiff were to be understood.
Judgment reversed; new trial granted; costs to abide event.
Bockes and Parker, JJ., concur.